**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JACQUELINE WINSTON-BEY : | |
| : | |
| v.                                      : | Civil No. CCB-15-02020 |
| : | |
| UNITED STATES OF AMERICA : | |

# **MEMORANDUM**

This case involves allegations of misconduct by a United States Postal Service ("USPS") employee. The plaintiff, Jacqueline Winston-Bey, resides at an apartment complex on the route of Monica Harris, a USPS mail carrier. Ms. Winston-Bey claims Ms. Harris "maliciously harass[ed] [her] and violat[ed] her right to privacy by opening and reading her personal mail (which included bank statements), returning her mail, and withholding time-sensitive mail until the submission deadline had expired." (Compl. 1, ECF No. 2). She alleges this pattern of harassment continued over the past two years, despite repeated pleas to Ms. Harris's supervisor, the Postmaster General's complaint hotline, and Michelle Winters, a United States Postal Inspector. *Id.* at 1–2.[1]

Unsatisfied with the USPS's response to her communications, Ms. Winston-Bey filed a complaint against Ms. Harris in the District Court of Maryland for Baltimore County. (Notice of Removal 1, ECF No. 1). Ms. Harris, through the United States Attorney for the District of Maryland, removed the case to federal court. *Id.* This court then granted a request to substitute the United States as a party, dismissing Ms. Harris as a defendant in the case. (Order, ECF No. 11). Currently pending before the court is the United States' motion to dismiss for lack of

---

[1] Ms. Harris unequivocally denies these allegations and suggests that she was in fact subject to repeated harassment by Ms. Winston-Bey. (Notice of Removal, Detailed Factual Statement, ECF No. 1-1).

subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Mot. Dismiss, ECF No. 14). The court finds oral argument unnecessary to resolve the issues. *See* Local R. 105.6 (D. Md. 2014). For the reasons discussed below, the government's motion will be granted.

## ANALYSIS

### I.  Standard of Review

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347–48 (4th Cir. 2009). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Piney Run Preservation Ass'n v. Cty. Comm'rs of Carroll Cty.*, 523 F.3d 453, 459 (4th Cir. 2008). Moreover, "[w]hen a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings . . . ." *Blitz v. Napolitano*, 700 F.3d 733, 736 n.3 (4th Cir. 2012) (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)).

### II.  Failure to Satisfy Jurisdictional Prerequisite

This court lacks subject matter jurisdiction over Ms. Winston-Bey's claim. She seeks monetary damages for alleged interference with her mail by an employee of the United States Postal Service.[2] The Federal Tort Claims Act ("FTCA") confers "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property

---

[2] Ms. Winston-Bey's complaint also asks the court to order Ms. Harris to "recant false accusations [she] made to the Plaintiff's landlord with the intent of forcing the Plaintiff's Landlord to default her lease." (Compl., ECF No. 1). This request fails to state an identifiable cause of action; accordingly, to the extent it is necessary, that claim is also dismissed.

. . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

"[T]he FTCA constitutes a waiver of sovereign immunity," and, accordingly, a plaintiff "must file an FTCA action in careful compliance with its terms." *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). Among the requirements for filing an FTCA action is first presenting an administrative tort claim to the appropriate Federal agency. 28 U.S.C. § 2675(a). "[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property . . . alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). The administrative claim requirement is a prerequisite to this court's exercise of subject matter jurisdiction. *See Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994). Ms. Winston-Bey has not satisfied this requirement.

Ms. Winston-Bey claims she mailed a Standard Form 95 to the United States Postal Inspection Office in Baltimore, Maryland. Even assuming Ms. Winston-Bey mailed the Standard Form 95, "[m]ailing alone is not enough; there must be evidence of actual receipt." *Rhodes v. United States*, No. 92-2016, 1993 WL 212495, at *2 (4th Cir. June 15, 1993).[3] Ms. Winston-Bey does not forecast any evidence that would allow this court to conclude the USPS received her Standard Form 95 or comparable administrative complaint.[4] In fact, the United

---

[3] Unpublished cases are cited only for the soundness of their reasoning, not for any precedential value.
[4] Ms. Winston-Bey only provides copies of a letter and Standard Form 95 dated February 14, 2014. (Opp'n Mot. Dismiss, Ex. 1, ECF No. 16-1). This is insufficient even to show that Ms. Winston-Bey mailed the form. In the event Ms. Winston-Bey files a Standard Form 95 in the future, she may want to

States provides a sworn declaration from a supervisor at the National Tort Center of the United States Postal Service, attesting that no record exists of a claim filed by Ms. Winston-Bey. (Mot. Dismiss, Ex. 1, Herbst Decl., ECF No. 14-2). Accordingly, this court lacks subject matter jurisdiction over the complaint because this jurisdictional prerequisite was not satisfied. The defendant's motion to dismiss will be granted pursuant to Rule 12(b)(1).

### III.    Sovereign Immunity

Even if the USPS had received Ms. Winston-Bey's Standard Form 95, most of her allegations fall within the ambit of sovereign immunity. While the FTCA acts as a waiver of sovereign immunity, the statute retains a carve-out for "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Any allegation of non-delivery raised by Ms. Winston-Bey falls within the meaning of "loss." *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 487 (2006). To the extent Ms. Winston-Bey alleges negligence in the mishandling of her mail, including its late delivery and improper withholding, that too falls within the doctrine of sovereign immunity. *Id.* Accordingly, sovereign immunity serves to further deprive this court of subject matter jurisdiction over these allegations.[5]

### CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss will be granted.

A separate order follows.

December 15, 2015                             /S/
Date                                          Catherine C. Blake
                                              United States District Judge

---

send the Form via certified mail so that she has a record of receipt.
[5] The only allegations in Ms. Winston-Bey's complaint that may survive this FTCA carve-out are those suggesting intentional, rather than negligent, mishandling of her mail. The court does not consider these allegations because, as mentioned above, it lacks subject matter jurisdiction due to the non-receipt of Ms. Winston-Bey's Standard Form 95.